IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                                  No. 1:21-cr-00750-WJ

NICHOLAS A. MAXEY-VELASQUEZ,

    Defendant.

### MEMORANDUM OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTION TO PARAGRAPH 23 OF THE PRESENTENCE INVESTIGATION REPORT

**THIS MATTER** is before the Court on Defendant's Objection to Paragraph 23 of the Presentence Investigation Report ("PSR") (Doc. 47). For the reasons stated in this opinion, the Court finds that the four-level upward adjustment pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for using or possessing a firearm in connection with another felony offense properly applies to Defendant's conduct. Accordingly, the Court **OVERRULES** Defendant's objection.

### BACKGROUND

On March 16, 2021, New Mexico State Police ("NMSP") officers conducted a traffic stop on a speeding vehicle driven by Jefferson Frank. Doc. 42. Frank possessed a 9mm SCCY CPX-2 sub-compact pistol that was registered to his friend Gabriel Young's girlfriend, Raven Reynosa. Doc. 42. Officers subsequently interviewed Frank, Young, and Reynosa. Their investigation revealed that Defendant had provided Young with a black Dodge Stratus, and as payment, Young gave Defendant one Darya Arms 12-gauge shotgun and one Hatsan USA 12-gauge shotgun, both purchased by Reynosa. Doc. 42. Young later learned that the Dodge Stratus was reported to be stolen and asked Defendant to return the shotguns. Doc. 42. Defendant

1

refused and Reynosa, the lawful owner, reported the shotguns as stolen. Doc. 42. Although he did not return the shotguns, Defendant provided Young with a second temporary vehicle. As collateral, Young gave Defendant a 9mm FN 503 semi-automatic pistol also purchased by Reynosa. Doc. 42. NMSP officers obtained a search warrant based upon probable cause that the Defendant, a convicted felon, was in possession of the 9mm FN 503 pistol and two stolen 12-gauge shotguns. Doc. 42.

On March 24, 2021, NMSP officers went to Defendant's residence to execute the search warrant. Doc. 42. Officers observed a Chevrolet Avalanche matching the description of Defendant's vehicle with an attached trailer leaving the residence. They followed the vehicle for a brief period and then conducted a traffic stop. Officers identified Defendant as the driver and arrested him based upon outstanding arrest warrants. Defendant admitted to police that he had two firearms in his vehicle. Doc. 42. Officers searched Defendant's vehicle and found Reynosa's Darya Arms 12-gauge shotgun and 9mm FN 503 pistol, ammunition for both firearms, a bag containing approximately one gram of cocaine, a bag containing approximately one gram of methamphetamine, and multiple syringes. Doc. 42. Officers also conducted a National Crime Information Center record check and identified that the utility trailer attached to Defendant's vehicle was stolen. Doc. 42. A subsequent search of Defendant's residence revealed two packages containing serial numbers that matched Reynosa's two 12-gauge shotguns. Doc. 42. Defendant admitted to selling the outstanding Hatsan USA 12-gauge to another individual. Doc. 42.

Defendant was indicted by a grand jury on charges of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924, as well as Aiding and Abetting in violation of 18 U.S.C. § 2. Doc. 1. He pleaded guilty to the indictment without a plea

agreement. Doc. 38. The United States Probation Office ("USPO") calculated Defendant's guideline imprisonment range to be 57 to 71 months based upon a Total Offense Level of 19 and a Criminal History Category of V.[1] Doc. 42. Defendant's base offense level is 14. Doc. 42. The USPO imposed three upward adjustments: a two-level upward adjustment pursuant to U.S.S.G. § 2K2.1(b)(1)(A) (offense involved three or more firearms); a two-level upward adjustment pursuant to U.S.S.G. § 2K2.1(b)(4)(A) (firearm was stolen); and a four-level upward adjustment pursuant to U.S.S.G. § 2K2.1(b)(6)(B) (use or possession of a firearm in connection with another felony offense). Doc. 42. Defendant also received a three-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and (b), resulting in a Total Offense Level of 19. Defendant now objects to the four-level upward adjustment pursuant to U.S.S.G. § 2K2.1(b)(6)(B).[2]

The United States argues that § 2K2.1(b)(6)(B) applies because Defendant possessed a firearm in connection with two distinct felony offenses: possession of cocaine and methamphetamine in violation of N.M.S.A. 1978 § 30-31-23 (making it a state felony to possess any amount of a substance known to be cocaine or methamphetamine); and receipt of a stolen utility trailer in violation of N.M.S.A. 1978 § 30-16-11 (making it a state felony to receive stolen property valued over five hundred dollars). Defendant was charged with violating § 30-16-11 by the State of New Mexico and concedes that it constitutes "another felony offense" pursuant to § 2K2.1(b)(6)(B).

Defendant raises two counterarguments. First, Defendant disputes that the alleged cocaine and methamphetamine found in his vehicle were controlled substances because NMSP

---

[1] The Court defers ruling on Defendant's objection that Category V substantially overrepresents his criminal history until Defendant's sentencing hearing.
[2] The Court notes that although Defendant initially objected to the two-level upward adjustment pursuant to § 2K2.1(b)(1)(A) (three or more firearms), he withdrew that objection on August 16, 2022. *See* Doc. 53.

officers did not perform field or laboratory tests. Second, Defendant argues that there are not sufficient facts to support a finding by a preponderance of the evidence that the Felon in Possession of a Firearm offense facilitated the state narcotics possession or receipt of stolen property offense, and therefore, the enhancement cannot be applied.

## DISCUSSION

U.S.S.G. § 2K2.1(b)(6)(B) provides for a four-level increase in a defendant's base offense level if he "used or possessed any firearm or ammunition in connection with another felony offense." "[A]nother felony offense" is "any federal, state, or local offense…punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1(b)(6)(B), cmt. 14(C). Use or possession of a firearm is "in connection with" another offense if "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1(b)(6)(B), cmt. 14(A). The Tenth Circuit has "long interpreted 'in connection with' as used in subsection (b)(6)(B)…as requiring the Government to show by a preponderance of the evidence that the firearm facilitated or had the *potential* to facilitate, i.e., make easier, another felony offense." *United States v. Sanchez*, 22 F.4th 940, 942 (10th Cir. 2022) (*emphasis* in original).

As a threshold matter, the Court finds that Defendant committed felony possession of cocaine and methamphetamine by a preponderance of the evidence. *See United States v. Washington*, 11 F.3d 1510, 1516 (10th Cir. 1993) (stating that preponderance of the evidence standard applies to sentencing proceedings). N.M.S.A. 1978 § 30-31-23 makes it a fourth-degree state felony to possess cocaine or methamphetamine. NMSP Sergeant Joel Holloway testified that he searched Defendant's vehicle and discovered approximately one gram of methamphetamine in a wallet containing Defendant's state-issued identification on the

passenger's seat. He also stated that he searched a backpack on the passenger's floorboard and found approximately one gram of cocaine inside. There were no passengers in the vehicle. Sergeant Holloway testified that, based on his training and decades of experience in law enforcement, he identified both substances as narcotics. Sergeant Holloway's conclusion is bolstered by the additional drug paraphernalia he found in Defendant's vehicle, including multiple syringes and empty baggies consistent with narcotics use. Doc. 42. The Court finds Sergeant Holloway's testimony to be credible and supported by the evidence, and as such, concludes that Defendant possessed narcotics by a preponderance of the evidence.

The Court also finds by a preponderance of the evidence that Defendant's firearm had the potential to facilitate receipt of the stolen utility trailer and narcotics possession. Therefore, § 2K2.1(b)(6)(B) applies. At the time he was arrested, Defendant was driving a vehicle with a stolen utility trailer attached and illegal narcotics in the passenger compartment. Doc. 42. Defendant was aware of the substantial risk that law enforcement or the rightful owner of the trailer might recognize it as stolen and confront Defendant. Carrying a firearm had the potential to embolden him to retain possession of the trailer. Furthermore, the Tenth Circuit has held that firearms are "tools of the trade" that are probative of an accused's involvement in drug distribution. *United States v. Martinez*, 938 F.2d 1078, 1082 (10th Cir. 1991). Sergeant Holloway testified that, in his experience, criminal defendants routinely carry firearms to obtain and protect narcotics.

The Tenth Circuit has repeatedly upheld the application of § 2K2.1(b)(6)(B) on these grounds in analogous cases. *See United States v. Justice*, 679 F.3d 1251, 1255 (10th Cir. 2012) (affirming enhancement because defendant's firearm gave him a sense of security against someone who might wish to interfere with his methamphetamine possession); *see also United*

*States v. Walters*, 269 F.3d 1207, 1219 (10th Cir. 2001) (affirming enhancement because defendant's firearm had the potential to facilitate continued possession of a stolen truck against its rightful owner); *see also United States v. Sanchez*, 22 F.4th 940, 942 (10th Cir. 2022) (affirming enhancement because defendant "could have carried gun to intimidate anyone who sought to interfere with his possession" of a stolen vehicle).

## CONCLUSION

For the foregoing reasons, Defendant's Objection to Paragraph 23 of the Presentence Investigation Report is **OVERRULED**. The Court will apply U.S.S.G. § 2K2.1(b)(6)(B) and the other undisputed adjustments recommended by the USPO. Accordingly, with a Criminal History Category of V and a Total Offense Level of 19, Defendant's guideline sentence range is 57 to 71 months of incarceration[3].

**IT IS SO ORDERED**.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] When Defendant's sentencing is set for final hearing, the Court will rule on Defendant's request for a downward variance and his request for a downward departure based on his argument that Criminal History Category V substantially over-represents the seriousness of the Defendant's criminal history or the likelihood that the Defendant will commit other crimes.